IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| William Eugene Kemp, | ) | No. CIV 06-1582-PHX-MHM (DKD) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| McWilliams, Warden; Attorney General of the State of Arizona, | ) | |
| Respondents. | ) | |

     Petitioner William Eugene Kemp ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. (Dkt.# 1). The matter was referred to Magistrate Judge David K. Duncan who has issued a Report and Recommendation that recommends that the Petition be denied. (Dkt.#9). Petitioner has not filed any objection to the Report and Recommendation.

**STANDARD OF REVIEW**

     The district court must review the Magistrate Judge's findings and recommendations de novo if objection is made but not otherwise. United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc). See 28 U.S.C. § 636(b)(1)(C)("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000).

**DISCUSSION**

The Court has considered the pleadings and documents of record in this case and finds itself in agreement with the Magistrate Judge that the Petition be denied and dismissed with prejudice. Petitioner was convicted in Maricopa County Superior Court following a guilty plea for trafficking of stolen property, with a prior felony conviction. Petitioner was sentenced to an aggravated 10-year sentence. Petitioner contends that his sentence was imposed in violation Blakely v. Washington, 542 U.S. 296 (2004) because he should have been sentenced to the presumptive 6.5 years for a class 3 felony, instead of an aggravated 10-year term.[1] [2]

As part of the guilty plea, Petitioner agreed to plead to trafficking stolen property with a prior conviction.[3] (Dkt.#8, Exhibit A). The parties to the plea agreement agreed that "Defendant shall be sentenced to the Arizona Department of Corrections for no less than 7 years and no longer than 10 years." (Id). Petitioner also agreed to a stipulated factual basis which included an admission that he committed the offense for pecuniary gain. (Id. Exhibit C, at 9,13). In accepting Petitioner's guilty plea, the sentencing judge found that "Defendant's admission of the aggravating factor for pecuniary gain and the Court's finding of [a] prior conviction satisfies Blakely v. Washington and supports the imposition of a slightly aggravated term." (Id. Exhibit B, at 1, Minute Entry, 7/24/04 Sentencing); *See also* (Id., Exhibit C at 13, Tr., 7/24/04 Sentencing). After his sentencing, Petitioner filed a Notice of

---

[1] Blakely sets forth that the Sixth Amendment requires that "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 301 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)).

[2] As stated in the plea agreement, the presumptive sentence for trafficking in stolen property is 6.5 years; the maximum is 13 years. (Dkt.#8. Exhibit A).

[3] Petitioner's prior conviction, as agreed upon by the parties, involves the Sale of Dangerous Drugs, a class 2 felony, committed on July 11, 1995 in Maricopa County, CR97-014001. Petitioner was represented by counsel. (Dkt.#8, Exhibit A).

1  Post-Conviction Relief asserting the Blakely violation. (Id. Exhibit D). The trial court
2  dismissed the petition finding that the sentence was "Blakely compliant" as it relied upon
3  aggravating factors that they were either admitted by Defendant and/or prior convictions. (Id.
4  Exhibit I). The Arizona Court of Appeals dismissed Petitioner's petition for review without
5  comment. (Id. Exhibit K).

6  This Court also finds that the trial court's sentence complies with Blakely
7  considerations. Specifically, "once a jury finds or a defendant admits a single aggravating
8  factor, the Sixth Amendment permits the sentencing judge to find and consider additional
9  factors relevant to the imposition of a sentence up to the maximum prescribed in that statute."
10 State v. Martinez, 210 Ariz. 578, 585 (2005); See also United States v. Booker, 125 S.Ct. 738,
11 748 (2005) (stating that jury must determine facts to raise a sentencing ceiling). In the instant
12 case, Petitioner's prior conviction alone, supports the sentencing judge's aggravated 10-year
13 sentence as opposed to the presumptive term of 6.5 years.

14 **Accordingly,**

15 **IT IS HEREBY ORDERED** adopting the Magistrate Judge's Report and
16 Recommendation in its entirety as the Order of the Court. (Dkt.#9).

17 **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is denied
18 and dismissed with prejudice. (Dkt.#1).

19 **IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment
20 accordingly.

21 DATED this 9th day of January, 2007.

_____
Mary H. Murguia
United States District Judge